IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02798-PAB-MJW

NOREEN RUCINSKI, et al.,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

## ORDER REGARDING
## PLAINTIFFS' EXPEDITED MOTION FOR ISSUANCE OF SUBPOENA
## (DOCKET NO. 93)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came on for consideration on Plaintiffs' Expedited Motion for Issuance of Subpoena (docket no. 93). The court has reviewed the subject motion (docket no. 93), the response thereto (docket no. 100), and the plaintiffs' reply (docket no. 103). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That during the Rule 16 Scheduling Conference on May 20, 2009, this court set a discovery deadline of November 27, 2009 (docket nos. 26 and 27). In a Minute Order filed on September 14, 2009, this court granted the Stipulated Motion to Continue Scheduling Order Deadlines by at Least 30 Days and Continue Settlement Conference (docket no. 58). Thereafter, in a Minute Order entered on December 1, 2009, plaintiffs' counsel was permitted to withdraw, and deadlines were extended, including the discovery deadline, which was extended up to and including March 1, 2010 (docket no. 64). Subsequently, motions were filed to further extend the discovery deadline, which was extended up to and including April 1, 2010 (docket no. 83). Thereafter, on April 5, 2010, this court denied the Plaintiffs' Expedited Motion for Reconsideration to Extend Discovery Cutoff, Expert Witness Designation and Other Discovery Deadlines (docket no. 90). Plaintiffs now seek the issuance of a subpoena after the close of discovery, claiming "new information" has been uncovered (docket no. 93);

5. That the determination of whether to reopen discovery is committed to the sound discretion of the trial court. Smith v. United States, 834 F.2d 166, 169 (10th cir. 1987).

6. That the Tenth Circuit Court of Appeals has set forth factors to be

considered to determine whether discovery should be reopened in a case. Id. These factors include: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. Id. See Hale v. Coors Distributing, 2009 WL 1600678, *3-4 (D. Colo. June 5, 2009);

7. That on balance, consideration of these factors weigh against reopening discovery. The Plaintiffs' request is opposed, Defendant would be prejudiced by the late discovery, Plaintiffs were not diligent in obtaining this discovery within the deadlines set and extended by the court, and Plaintiffs could have foreseen the need for the discovery sought within the time allowed by the court;

8. That Plaintiffs filed their original Complaint on December 24, 2008. See docket no. 1;

9. That this is a very straight-forward slip and fall case that is alleged to have occurred on December 31, 2006. Plaintiffs are seeking millions of dollars in damages. In particular, Plaintiffs are seeking millions of dollars for lost wages;

10. That as detailed above, the discovery deadline has already previously been extended by this court. A settlement conference was also continued at the request of Plaintiffs. Extensions of time for Plaintiffs to answer discovery have also been granted in the past. See docket of this case;

11. That the final extended discovery cut-off date was April 1, 2010, and Plaintiffs filed the subject motion (docket no. 93) on May 5, 2010. Plaintiffs have had since the Rule 16 Scheduling Order was entered on May 20, 2009, to conduct and complete discovery on a very straight-forward slip and fall case. See docket no. 27;

12. That Plaintiffs have caused delay in the discovery portion of this case and have failed to demonstrate why discovery could not have been completed by April 1, 2010. See Minute Order dated April 20, 2010, on Defendant's Motion to Compel Responses (docket no. 92). See also docket no. 46;

13. That Plaintiffs failed to disclose to Defendant the underlying "investigative report" referred to in the subject motion (docket no. 93) until April 2, 2010, one day after the deadline to complete discovery, and thus such disclosure is untimely pursuant to Fed. R. Civ. P. 26(e). Furthermore, plaintiffs admit in their reply that they have been in possession of the information that is the basis for their motion since February 26, 2010 (see docket no. 103 at 2), well

before the discovery deadline. They did not disclose this information to Defendants until April 2, 2010, which is after the deadline to complete discovery and in violation of Fed.R. Civ. P. 26(e);

14. That Plaintiffs had legal counsel represent them in the past. All of Plaintiffs' previous attorneys, Evan Philip Banker, James H. Chalat and E. Scott Baroway, have been allowed to withdraw as counsel of record for Plaintiffs. Plaintiff Noreen Rucinski informed Magistrate Judge Watanabe at the Final Pretrial Conference on May 12, 2010, that she and Co-Plaintiff Frederick Rucinski may be retaining new legal counsel to try this case. To date, no new legal counsel has entered on behalf of the Plaintiffs; and

15. That the Final Pretrial Order (docket no. 102) was entered on May 12, 2010. Plaintiff Frederick Rucinski failed to appear for the Final Pretrial Conference as directed. The deadline to file dispositive motion was March 15, 2010, and that date has expired. There are no outstanding dispositive motions or other motions pending as of this date of this Order, and this case is trial ready. To allow discovery to be reopened for any purpose at this late stage of this case would be prejudical to Defendant and is unwarranted under the facts, chronology, and circumstances of this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Plaintiffs' Expedited Motion for Issuance of Subpoena (docket no. 93) is **DENIED**; and

2. That each party pay their own attorney fees and costs for this motion.

Done this 20th day of May 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE