IN THE UNITED STATES `DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02798-PAB-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERTS AS UNTIMELY AND
FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(A)(2)
(DOCKET NO. 112)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came on for consideration on Defendant's Motion to Strike Plaintiffs' Experts as Untimely and for Failure to Comply with Fed. R. Civ. P. 26(a)(2) (docket no. 112). The court has reviewed the subject motion (docket no. 112), and Plaintiffs have not filed any response to the subject motion. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this is a very straight-forward slip and fall case that is alleged to have occurred on December 31, 2006. Plaintiffs are seeking millions of dollars in damages. In particular, Plaintiffs are seeking millions of dollars for lost wages;

5. That Plaintiffs have caused delay in the discovery portion of this case and have failed to demonstrate why discovery could not have been completed by April 1, 2010. See Minute Order dated April 20, 2010, on Defendant's Motion to Compel Responses (docket no. 92). See also docket no. 46;

6. That the discovery deadlines have already previously been extended by this court due to Plaintiffs' numerous scheduling conflicts. That a settlement conference was also continued at the request of Plaintiffs. That extensions of time for Plaintiffs to answer discovery has also been granted in the past. See docket of this case;

7. That Plaintiffs have failed to file a response to the subject motion (docket no.112), and the court deems the subject motion (docket no. 112) confessed;

8. That the May 20, 2009, Scheduling Order (docket no. 27) and an amendment to the Scheduling Order (Minute Order dated December 7, 2009 - docket no. 72) set a date certain for the parties to disclose experts. More specifically, the Scheduling Order set a disclosure deadline of September 1, 2009. That date was subsequently extended to February 8, 2010, and the deadline for disclosure of rebuttal expert designations was extended until March 1, 2010. On March 2, 2010, which was well after the February 8, 2010, expert disclosure deadline, Plaintiffs moved to extend several discovery deadlines, including the deadline for expert disclosure. Plaintiffs sought a new deadline of May 1, 2010. By Minute Order entered on March 4, 2010, however, this court denied Plaintiffs' motion to extend the expert designation further, noting that the Plaintiffs filed this case on December 24, 2008, and have had since then to retain experts (docket no. 83). Plaintiffs' motion for reconsideration of that ruling was denied (docket no. 90);

9. That the Scheduling Order limited the parties to three (3) experts per side (docket no. 27 at 4);

10. That on February 9, 2010, which was one day after the expert disclosure deadline, Plaintiffs served Defendant with a document entitled "Plaintiffs' Witness List" which contained names of both lay and fact witnesses as well as twelve (12) "expert witnesses (docket nos. 112-1, 112-2), which was nine more than permitted under the

Scheduling Order. Furthermore, that document did not provide the information required by Fed. R. Civ. P. 26(a)(2)(B) as to each expert witness;

11. That in their Proposed Pretrial Order, Plaintiffs identified five (5) experts (docket no. 94 at 11), two more than permitted by the Scheduling Order, and also listed "Any Expert Witnesses retained provided the Court grants Plaintiffs' Motion to Designate Experts and Produce Expert Report." (docket no. 27 at 13);

12. That Plaintiffs' disclosure of expert witnesses are **untimely and incomplete** and in violation of the Scheduling Order as amended and Fed. R. Civ. P. 26(a). Furthermore, Plaintiffs have disclosed twelve (12) experts in violation of the Scheduling Order as amended wherein the court has allowed only three (3) experts per side;

13. That deadlines established by the court in the Scheduling Order and otherwise cannot be viewed as merely aspirational. Young v. City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires."). The failure of a party to disclose an expert pursuant to the deadline established by this court is grounds for exclusion of the expert

witness. <u>Sims v. Great Am. Life Ins. Co</u>, 469 F.3d 870, 895 (10th Cir. 2006); Fed. R. Civ. P. 37(c)(1). For this reason, the Plaintiffs' experts should be stricken;

14. That Plaintiffs' late disclosures of expert witnesses are incomplete and not consistent with Fed.R.Civ.P. 26(a)(2)(B). For this reason as well, Plaintiffs' late disclosure of expert witnesses should be stricken. <u>Lohnes v. Level 3 Communications, Inc</u>., 272 F.3d 49, 60 (1st Cir. 2001). "Failure to make proper disclosures may require exclusion of the expert as a witness." <u>Miller v. Pfizer, Inc.</u>, 356 F.3d 1326, 1332 (10th Cir. 2004). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) ;

15. That Plaintiffs have not shown that their failure to make timely and complete expert disclosures was substantially justified or harmless;

16. That the court has considered the following factors: "1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the . . . party's bad faith or willfulness." <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 952 (10th Cir. 2002);

17. That Plaintiffs prevented Defendant from deposing Plaintiffs'

experts. Defendant requested, in writing, dates for depositions of experts, but Plaintiffs simply ignored such requests in violation of D.C.COLO.CivR 30.1. See exhibits C and D attached to the subject motion (docket no. 112). For this reason as well, the Plaintiffs' experts should be stricken;

18. That the deadline to complete discovery was April 1, 2010;

19. That Plaintiffs had legal counsel represent them in the past. All of Plaintiffs' previous attorneys, Evan Philip Banker, James H. Chalat, and E. Scott Baroway, have been allowed to withdraw as counsel of record for Plaintiffs. Plaintiff Noreen Rucinski informed Magistrate Judge Watanabe at the Final Pretrial Conference on May 12, 2010, that she and Co-Plaintiff Frederick Rucinski may be retaining new legal counsel to try this case. To date, no new legal counsel has entered on behalf of the Plaintiffs;

20. That pro se litigants **must** "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Chicago Ins. Co. v. Hamilton, 2010 WL 2541133, (D. Colo. May 26, 2010); Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998) (pro se plaintiffs are held to the same rules of procedure which

apply to other litigants). It is not the proper function of the court to assume the role of advocate for the pro se litigant. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991); and

21. That the Final Pretrial Order (docket no. 102) was entered on May 12, 2010. Plaintiff Frederick Rucinski failed to appear for the Final Pretrial Conference. The deadline to file dispositive motion was March 15, 2010, and that date has expired. There are no outstanding dispositive motions as of the date of this Order, and this case is trial ready. To allow discovery to be re-opened for any purpose at this late stage of this case would be prejudicial to Defendant and is unwarranted under the facts, chronology, and circumstances of this case.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion to Strike Plaintiffs' Experts as Untimely and for Failure to Comply with Fed. R. Civ. P. 26(a)(2) (docket no. 112) is **GRANTED**;
2. That all of Plaintiffs' expert witnesses shall be stricken; and
3. That each party pay their own attorney fees and costs for this

motion.

Done this 26th day of July 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE