IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02798-PAB-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

---

**AMENDED ORDER REGARDING
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' TRIAL EXHIBITS
(DOCKET NO. 130)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on October 18, 2010, on

Defendant's Motion to Strike Plaintiffs' Trial Exhibits (docket no. 130). The court has

reviewed the subject motion, the response (docket no. 138), and the reply (docket no.

143). In addition, the court has reviewed (a) Plaintiffs' Disclosures Spreadsheet

prepared by Defendant, (b) Plaintiffs' Trial Exhibits Produced at August 6, 2010 Meeting

Spreadsheet prepared by Defendant, and (c) Plaintiffs' Trial Exhibits submitted by

Defendant to the court for *in camera* review. In addition, the Plaintiffs submitted to this

court on Friday, October 22, 2010, their Trial Exhibits in four (4) Notebooks for *in*

*camera* review, which the court has been able to review carefully, *in camera*. Lastly, the

court has taken judicial notice of the court's file and has considered applicable Federal

Rules of Civil Procedure and case law. The court now being fully informed makes the

following findings of fact, conclusions of law, and order.

## FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

be heard;

4.     That I incorporate by reference this court's minute order dated July

22, 2010 (docket no. 117).  In this minute order, this court ordered

the parties to meet, in person, on or before August 6, 2010, and

exchange hard copies of ALL their trial exhibits;

5.     That during this hearing today, there has again been **"a lack of

communication between the parties which has been a

common theme throughout this litigation."**  See record of

proceeding;

6.     That after careful review of Plaintiffs' Trial Exhibits in notebook form

submitted for *in camera review* by Defendant and Plaintiffs' Trial

Exhibits in four (4) separate notebooks submitted for *in camera*

review by Plaintiffs in opposition, I find that the following Trial

Exhibits by Plaintiffs as to the August 6, 2010, Meeting

Spreadsheet prepared by Defendant **were not disclosed timely.**

They are Plaintiffs' Trial Exhibits 19 [***except*** for the IPLC/Revenue Share Telecommunications *Agreement (Plaintiff's disclosures, August 27, 2009*), February 2, 2007, Siam Letter to Noreen (*Plaintiff's disclosures, August 27, 2009*), and Exhibit B. Irrevocable Standby Letter of Credit (*Plaintiff's disclosures, August 27, 2009*)], 20, 23, 24, 25, 26, 27, 28, 30, 32, 33, 37, 38, 39, 41, 44, 45, 54, **55,** 57, 58, 59, 60, and 61 and should be stricken from Plaintiffs' Trial Exhibit List;

7. That the discovery and dispositive motion deadlines have both long since expired, and the Final Pretrial Order (docket no. 102) was entered on May 12, 2010. I find to allow Plaintiffs to make late disclosures would be prejudicial to the Defendant, noting that this court informed both Pro Se Plaintiffs on numerous occasions that they must comply fully with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Practice of this court. Moreover, it is too late to re-open the discovery and dispositive motions deadlines, and the parties have had more than sufficient time to complete discovery in a timely fashion. Here, again the Plaintiffs have not complied with this court's order of July 22, 2010 (docket no. 117), and this court's order dated August 5, 2010 (docket no. 126). Plaintiffs have demonstrated a pattern of non-compliance with the Federal Rules of Civil Procedure, Local

Rules of Practice, and previous orders from this court. See record of all court proceedings before Magistrate Judge Watanabe and numerous orders issued by Magistrate Judge Watanabe in this case [see, *in particular,* docket nos. 77, 92, 111,117, 118; and 126];

8. That as to Plaintiffs' Trial Exhibits 1 through 18, inclusive, Plaintiffs did not provide to Defendant copies of such exhibits per this court's order (docket nos. 117 and 126) of July 22 and August 5, 2010, when the parties met in Denver. Plaintiffs' argument in open court that they did not understand they had to exchange copies of **all** trial exhibits when they met with the Defendant in Denver is without merit. My minute order dated July 22, 2010 (docket no. 117) stated, in pertinent part, "the parties shall meet, in person, on or before August 6, 2010, and exchange hard copies of **ALL** their trial exhibits." (Emphasis in original). Furthermore, my minute order dated August 5, 2010 (docket no. 126) stated, in pertinent part,

**"The deadline remains the same for the exchange of the hard copies of ALL the trial exhibits, which is August 6, 2010."**

(Emphasis in original); and

9. That Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . .Procedure." <u>Odgen v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the

obligation of complying with all applicable rules of the court.
Chicago Ins. Co. v. Hamilton, 2010 WL 2541133 (D. Colo. May 26,
2010); Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986);
Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998) (pro se
plaintiffs are held to the same rules of procedure which apply to
other litigants).  It is not the proper function of the district court to
assume the role of advocate for the pro se litigant.  Hall v. Bellmon,
935 F.2d 1106, 1110 (10th Cir. 1991).  "The plaintiff[s'] *pro se*
status does not entitle [them] to application of different rules." Wells
v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

### AMENDED ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this
court **ORDERS:**

1.  That Defendant's Motion to Strike Plaintiff's Trial Exhibits (docket no.
130) is **GRANTED;**

2.  That Plaintiffs' Trial Exhibits 19 [***excep**t for the IPLC/Revenue Share
Telecommunications *Agreement (Plaintiff's disclosures, August 27,
2009*), February 2, 2007 Siam Letter to Noreen (*Plaintiff's
disclosures, August 27, 2009*), and Exhibit B. Irrevocable Standby
Letter of Credit (*Plaintiff's disclosures, August 27, 2009*)], 20, 23, 24,
25, 26, 27, 28, 30, 32, 33, 37, 38, 39, 41, 44, 45, 54, **55**, 57, 58, 59,
60, and 61 are stricken from Plaintiffs' Trial Exhibit List and from the

Final Pretrial Order (docket no. 102), and these exhibits may not be used at the trial on the merits by Plaintiffs;

3.  That Plaintiffs' Trial Exhibits 1 through 18, inclusive, are also stricken from the Final Pretrial Order and may not be used at the trial on the merits by Plaintiffs;

4.  That each party shall pay their own attorney fees and costs for this motion;

5.  That Plaintiffs' Trial Exhibits Notebook Produced at August 6, 2010 Meeting Spreadsheet prepared by Defendant and the Plaintiffs' Trial Exhibit Notebooks (four notebooks) submitted by Plaintiff to Magistrate Judge Watanabe for *in camera* review shall be **SEALED** and not opened except by further Order of Court.

Done this 28th day of October 2010.

(*Nunc pro tunc* October 27, 2010)

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE