IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02798-WJM-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

---

### ORDER REGARDING DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 174)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel (docket no. 174).  The court has reviewed the subject motion (docket no. 174) and the response (docket no. 176) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

      1.     That have I jurisdiction over the subject matter and over the parties to this lawsuit;

      2.     That venue is proper in the state and district of Colorado;

3.     That each party has been given a fair and adequate opportunity to be heard;

4.     That Plaintiffs are seeking millions of dollars in lost wages as a result of Plaintiff Noreen Rucinski's December 31, 2006, alleged slip-and-fall accident where the alleged physical injury is a broken wrist;

5.     That Plaintiffs' wage loss claim originates from Plaintiff Noreen Rucinski's sole proprietorship, Schneider-Rucinski Enterprises. Plaintiff Noreen Rucinski is both the sole owner and only employee of the company;

6.     That the federal and state income tax returns for Plaintiffs and the business known as Schneider-Rucinski Enterprises for the years 2005, 2006, and 2007 are directly relevant to the damages being claimed by Plaintiffs in this case and are discoverable under Fed. R. Civ. P. 26(b)(1);

7.     That Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . ."  Fed. R. Civ. P. 26(b)(1).  A given topic is

3

relevant if it has "the mere tendency" of making any material fact more or less probable.  <u>Fed. Deposit Ins. Corp. v. Wise</u>, 139 F.R.D. 168, 170 (D. Colo. 1991).  <u>See</u> Fed. R. Evid. 401;

8.   That on January 28, 2010, Plaintiff Noreen Rucinski testified at her deposition that the tax returns that she disclosed to the Defendant for the years 2005, 2006, and 2007 <u>were not</u> actually filed with the Internal Revenue Service (IRS) or with the state of California where Plaintiffs reside;

9.   That the issue of Plaintiffs' income tax returns and the delivery of the same by Plaintiffs to Defendant has been addressed previously by this court.  The Pro Se Plaintiffs have a history of non-compliance with the Federal Rules of Civil Procedure, the Local Rules of Practice of this court, and this court's orders concerning discovery in this case.  *See* Order Re: Defendant's Motion to Compel Discovery (docket no. 92); Order Re: Defendant's Second Motion to Compel Discovery (docket no. 111); Order Re: Defendant's Motion to Strike Plaintiff's Trial Exhibits (docket no. 155); and Order Re: Defendant's Motion to Strike Plaintiffs' Experts (docket no. 118);

10.   That Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."  <u>Odgen v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from

4

the obligation of complying with all applicable rules of the court.

<u>Colorado v. Carter</u>, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  <u>See</u>

<u>Nielson v. Price</u>, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se

plaintiffs are held to the same rules of procedure which apply to

other litigants).  It is not the proper function of the district court to

assume the role of advocate for the pro se litigant.  <u>Hall v. Bellmon</u>,

935 F.2d 1106, 1110 (10th Cir. 1991); and

11. That under these facts, I find that the Pro Se Plaintiffs have again

unnecessarily expanded this case without substantial justification

and sanctions in the form of reasonable expenses incurred by

Defendant in having to file the subject motion (docket no. 174),

including reasonable attorney fees and costs, should be awarded to

Defendant pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1. That  Defendant's Motion to Compel (docket no. 174) is

   **GRANTED**;

2. That Plaintiffs shall provide to Defendant signed authorizations for

   the releases of their federal and state income tax returns for the

   Internal Revenue Service and for the state of California for the

   taxable years 2005, 2006, and 2007, on or before April 18, 2011;

5

3.    That Plaintiffs shall provide to Defendant signed authorizations for the releases of the federal and state income tax returns for the Internal Revenue Service and for the state of California for the taxable years 2005, 2006, and 2007 for the entity known as the Schneider-Rucinski Enterprises on or before April 18, 2011; and

4.    That Defendant is awarded reasonable and necessary attorney fees and costs for having to file the subject motion (docket no. 174) pursuant to Fed. R. Civ. P. 37(a)(5)(A).  The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated.  If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court by April 22, 2011.  If the parties are unable to stipulate to the amount of attorney fees and costs, then Defendant shall have up to and including April 22, 2011, to file its itemized affidavit for attorney fees and costs.  The Pro Se Plaintiffs shall have up to and including May 12, 2011, to file their response to Defendant's itemized affidavit for attorney fees and costs.  If a response is filed, then the Defendant shall have up to and including May 23, 2011, to file any reply.

Done this 1st day of April 2011.

                                        BY THE COURT

                                        s/Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE