IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02798-WJM-MJW


NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

---

**ORDER REGARDING**

**ATTORNEY FEES AND COSTS**

**PURSUANT THIS COURT'S  ORDER DATED APRIL 1, 2011,**

**REGARDING  DEFENDANT'S MOTION TO COMPEL**

**(DOCKET NO. 177)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the court for consideration on the amount of attorney fees

and costs that Pro Se Plaintiffs Noreen and Frederick Rucinski should pay based upon

the Order Granting Defendant's Motion to Compel (docket no. 177).  In my Order

(docket no. 177), the Defendant was awarded its reasonable attorney fees and costs

that were incurred in preparing and litigating the subject motion (docket no. 174)

pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  See page 5 at paragraph 4 in

my Order (docket no. 177).  I have reviewed and considered Defendant's Notice of

2

Filing of Affidavit for Attorney Fees and Costs Pursuant to the Court's April 1, 2011,

Order and the itemized Affidavit of Ryan L. Winter, Esquire (docket nos. 178 and 178-

1).  In addition, I have reviewed and considered the Pro Se Plaintiffs' Opposition to

Defendant's Affidavit Re: Attorney Fees (docket no. 184).  Lastly, I have taken  judicial

notice of the court's file and have considered applicable Federal Rules of Civil

Procedure and case law.  The court now being fully informed makes the following

findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1.   That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to

be heard;

4.   That the benchmark for an award of attorney fees under nearly all

of the federal statutes authorizing an award of attorney fees is that

the amount of the fees awarded be "reasonable."  Pennsylvania v.

Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562

(1986).  "The lodestar figure - reasonable hours times reasonable

rate - is the mainstay of the calculation of a reasonable fee."

Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500,

1504 (10th Cir. 1996).

3

In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364 (10th Cir. 1984), <u>overruled on other grounds</u>, <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  Taking these factors into consideration, I find that the hourly rates of $175.00 and $90.00 charged by Defendant's attorneys are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado. Furthermore, I find that 6.60 hours of attorney time to prepare and litigate Defendant's Motion to Compel (docket no. 174)  were necessary and reasonable.  Further, I find that costs in the amount of $2.70 for copying is a direct consequence of Plaintiffs' discovery violations and should be awarded to Defendant.  Accordingly, the Pro Se Plaintiffs should pay to Defendant the sum of $1,129.50 in reasonable and necessary attorney fees plus costs in the amount of $2.70 for copies in preparing and litigating the Defendant's Motion to Compel (docket no. 174) pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(c)(1)(A).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the Pro Se Plaintiffs Noreen Rucinski and Frederick Rucinski

4

shall pay to Defendant Torian Plum Condominium Owners

Association, Inc., the sum of $1,129.50 for reasonable and

necessary attorney fees and costs in the amount of $2.70 for

copies and litigating the Defendant Torian Plum Condominium

Owners Association, Inc.'s Motion to Compel (docket no. 174)

pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(c)(1)(A).  The above

attorney fees in the amount of $1,129.50 and costs in the amount of

$2.70 [total amount of attorney fees and costs equals $1,132.20]

shall be paid to Defendant Torian Plum Condominium Owners

Association by the Pro Se Plaintiffs Noreen Rucinski and Frederick

Rucinski, jointly and severally, on or before July 5, 2011.

Done the 22nd day of June 2011.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge