IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02798-WJM-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

**ORDER REGARDING
PLAINTIFFS' MOTION TO VACATE COURT ORDER OF MAY 24, 2011,
DEFENDANTS' [sic] IMPROPERLY SERVED PLAINTIFFS WITH THEIR MOTION
(DOCKET NO. 199)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiffs' Motion to Vacate Court Order of May 24, 2011 Defendants' [sic] Improperly Served Plaintiffs with Their Motion (docket no. 199).  The court has reviewed the subject motion (docket no. 199) and the response (docket no. 200).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

   1.  That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant's counsel did confer with the Pro Se Plaintiffs before filing Defendant's Motion to Strike Untimely and Improperly Disclosed Witnesses (docket no. 180). See email dated April 26, 2011, attached Exhibit A to Response (docket no. 200);

5. That Defendant's counsel did serve a copy of this motion (docket no. 180) via email to noreenr@cox.net. See affidavit of Jessica Hinojosa and attached email dated April 27, 2011, attached Exhibit B to the Response (docket no. 200). There was no error message of non-delivery of the Defendant's Motion to Strike Untimely and Improperly Disclosed Witnesses (docket no. 180) that was sent to noreenr@cox.net.;

6. That Pro Se Plaintiff Noreen Ruckinski's signature block on both docket nos. 194 and the subject motion (docket no. 199) both show an email address for Ms. Ruckinski as noreenr@cox.net. which is the same email address in which the Defendant's Motion to Strike Untimely and Improperly Disclosed Witnesses (docket no. 180) was sent;

7. That Pro Se Plaintiffs have been exchanging various correspondence, motions, responses, and replies via email for over two years [since July 20, 2009] in this case with Defendant's

counsel. Pro Se Plaintiffs do not contend they did not consent to service via email as permitted under Fed. R. Civ. P. 5(b)(2)(E), in particular, noting that Pro Se Plaintiffs reside in San Diego, California; and

8. That the Pro Se Plaintiffs have failed to demonstrate that they did not receive Defendant's Motion to Strike Untimely and Improperly Disclosed Witnesses (docket no. 180) via email timely, and they simply failed to file any timely response to such motion. Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986). It is not the proper function of the district court to assume the role of advocate for the pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, I conclude that the Pro Se Plaintiffs have failed to demonstrate any basis in law or fact for this court to grant the relief sought, and therefore the subject motion (docket no. 199) should be denied.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Vacate Court Order of May 24, 2011 Defendants' [sic] Improperly Served Plaintiffs with Their Motion (docket no. 199) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 21st day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE