**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02798-WJM-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

    Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

    Defendant.

**ORDER**

This matter is before the Court *sua sponte*. Despite beginning as a seemingly straightforward slip-and-fall case, this action has morphed into a nearly three-year-long procedural battle.[1] The Court is not assigning blame for the length of this action; indeed, both parties have sought certain extensions of time, and the undersigned has not timely ruled on certain issues.

However, the Court is concerned with the way this litigation has played out procedurally, and what is left as a result. The merits, or lack of merit, of the action have been completely drowned out by procedural battles between the parties. This excessive procedural posturing has needlessly expended the Court's resources, particularly the time and energy of U.S. Magistrate Judge Michael J. Watanabe.[2] Of

---

[1] As of the date of this Order, there are 216 docket entries in the action.

[2] The Court notes that, despite the significant motion practice in this action, no motions have been made by either side on the merits of the case (such as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment under Federal Rule

particular concern to the Court are the procedural gaffes by Plaintiffs (specifically, missed deadlines), committed when they were unrepresented by counsel, and Defendant seizing on those miscues in order to attempt to significantly limit Plaintiffs' presentation of evidence at trial. *See Arkansas-Platte & Gulf P'ship v. Dow*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("The Federal Rules in general embody a policy which favors the resolution of claims on the merits, rather than on procedural grounds . . . ."); *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991) ("[P]laintiff's *pro se* status . . . in this court's opinion entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible."); *cf. Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D. 453, 466-67 (D.N.M. 2009). Indeed, it appears the Defendant has for some time focused its energies on attempting to preserve the tactical advantage it gained as a result of Plaintiffs' errors made before they had counsel, as opposed to confronting directly the merits (*vel non)* of the claims and defenses in this action.

The result is an evidentiary and trial-preparation thicket, which the Court has begun to attempt to wade through and sort out.[3] In doing so, the Court has concluded

---

of Civil Procedure 56).

[3] This morass is evidenced by Defendant's two currently pending motions. For example, in Defendant's motion *in limine* (ECF No. 213), it argues, *inter alia*, that Plaintiffs should not be able to introduce evidence of lost profits or future medical expenses, in part because Plaintiffs do not have any experts to testify on these matters. (*Id.* at 3-5.) However, Plaintiffs' experts were stricken in this action after Defendants filed a motion to strike Plaintiffs' experts arguing, *inter alia*, that the experts were disclosed one day past the deadline for expert disclosures. (ECF No. 112, at 2, 4.) Defendant's motion *in limine* also asks the Court to preclude certain witnesses for Plaintiffs from testifying at trial, on the ground that the witnesses were improperly disclosed because accurate telephone numbers for the witnesses were not provided. (ECF No. 213, at 4.) However, although Defendant apparently requested on numerous occasions that Plaintiffs supplement the disclosures with accurate contact information, the record does not

that continuing down this course will result in a continuing significant and needless expenditure of the Court's scarce resources, resources that will continue to be expended on issues other than the merits of the action. For this reason, and in the interests of justice, the Court determines that the proper course is to vacate the trial date, briefly reopen discovery, and reset case management deadlines in the action. Any previous rulings in this action based on failures to comply with previous case management deadlines are hereby nullified by the resetting of case management deadlines in the action. Also, this additional period for discovery is intended merely to supplement, if at all, the discovery already conducted in this action. Following the close of this additional discovery period, the case will be moved toward trial as swiftly as possible.

The Court hereby again emphasizes its advice to Plaintiffs to retain their current counsel (or other legal counsel) for the remainder of the pendency of this action, rather than face further inevitable procedural missteps that will no longer be tolerated.

The Court also chastises the parties for the amount of time, money, and energy they have spent on this factually and legally uncomplex case, and strongly encourages the parties to re-commit themselves to attempt to reach an out-of-court resolution to this action.

In accordance with the foregoing, it is therefore ORDERED as follows:

---

indicate that Defendant has ever brought this issue to the Court's attention until now.

1. All currently pending deadlines and settings in this matter, including, but not limited to, the Final Trial Preparation Conference on November 22, 2011 and the trial date of December 5, 2011, are hereby VACATED;

2. Discovery in this action is hereby REOPENED;

3. Any evidence discovered in this action after April 1, 2010, but before the newly set final discovery deadline, will not be deemed inadmissible in the action on the ground that it was discovered after April 1, 2010;

4. Not later than October 31, 2011 counsel shall contact the Chambers of Magistrate Judge Watanabe to set a new scheduling conference in this action;

5. As part of Magistrate Judge Watanabe's amended scheduling order resulting from that scheduling conference, the revised final discovery deadline in this action shall be set for 90 days from the date of his amended scheduling order;

6. In the amended scheduling order Magistrate Judge Watanabe's shall set new deadlines for all matters included in this Court's Form Scheduling Order not inconsistent with the aforementioned 90-day reopening of discovery; and

7. A new Final Trial Preparation Conference date, and a new date for the jury trial in this action, shall be set by the undersigned after the Magistrate Judge has entered an Amended Final Pretrial Order which reflects and encompasses the provisions of this Order.

Dated this 27th day of October, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge