IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02798-WJM-MJW

NOREEN RUCINSKI and
FREDERICK RUCINSKI,

Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

Defendant.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

      It is hereby **ORDERED** that the Defendant's Motion to Strike Plaintiffs' New and Undisclosed Witnesses Identified in the Pre-Trial Order (docket no. 233) is **GRANTED** for those reasons as stated within the subject motion (docket no. 233), in the reply (docket no. 238), and for those additional reasons stated below.  The following witnesses that appear as Plaintiffs' witnesses in the Amended Pretrial Order (docket no. 231) are stricken.  They are Randal Menzel, Maureen Harrington, Rich Hall, Dawn Pettit, Gene Retske, David Callendar, Joe Betro, Reid Abrams, Nicole Mullins, and Lisa Harris.  Each party shall pay their own attorney fees and costs for this motion.

      This case has had a long and tortured history.  On July 26, 2010, I issued an Order granting Defendant's Motion and struck all of Plaintiff's "expert witnesses."  See docket no. 118 for the details of my ruling which I incorporate by reference.  Defendant filed a second motion to strike Plaintiffs' untimely and improperly disclosed witnesses on April 27, 2011.  See docket no. 180. This motion addressed the expert witnesses "reclassified" as lay/fact witnesses in the initial Pre-Trial Order as well as the witnesses disclosed after the initial discovery cutoff.  I entered an Order granting this motion on May 24, 2011, and struck Plaintiffs' witnesses Mark Schneider, Gary Whitman, Denise Steffens, McRae Johnston, Shannon Dillard, Larry Stroman, William Byrd, Ken Thorpe, Joe Betro, David Callender and Gene Retske.  See docket no. 187.  On October 27, 2011, Judge Martinez entered his Order (docket no. 217).  Per Judge Martinez's Order (docket no. 217), I conducted a Supplemental Scheduling Conference on November 7, 2011 (docket no. 220), and entered a Supplemental Scheduling Order (docket no. 221). I did not permit any experts to be disclosed per my previous Orders listed above, and Plaintiffs never timely appealed the Supplemental Scheduling Order that I entered pursuant to Rule 72 to Judge Martinez.  Discovery was re-opened for 90 days, and a

2

Final Pretrial Conference was set on May 8, 2012.  I entered a Amended Pretrial Order (docket no. 231) on May 8, 2012.   In the Amended Pretrial Order, Plaintiff identifies three expert witnesses, four entirely new witnesses, and six witnesses that were previously stricken as experts, but who have been "reclassified" as fact/lay witnesses.  Witnesses Randal Menzel, Maureen Harrington, and Rich Hall were previously stricken by this court.  See docket no. 118.  Witness Dawn Pettit was disclosed by Plaintiffs for the first time on May 4, 2012, nearly three months after the discovery cutoff prescribed by Judge Martinez' Order.  See docket no. 217.  Furthermore, the three proffered experts [namely Reid Abrams, Nicole Mullins, and Lisa Harris] by Plaintiffs have never been disclosed consistent with Rule 26(a)(2)(B).  The Federal Rules of Civil Procedure 37(c)(1) provides, in pertinent part:  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . ."  See Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir. 2004).   Accordingly, I find Plaintiffs' expert disclosures are untimely and are not in compliance with Rule 26(a)(2)(B).  Lastly, Plaintiffs' failure to timely disclose the above witnesses is not substantially justified and is not harmless, noting that the Amended Final Pretrial Order was entered on May 8, 2012, the deadline to file dispositive motions was March 8, 2012, and discovery has long since been closed.  I further note that discovery was extended many times in past by Magistrate Judge Watanabe and further extended by Judge Martinez for an additional 90 days.  See Judge Martinez' Order (docket no. 217) and entire record for previous extensions of time to complete discovery.

Date: July 3, 2012