**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02798-WJM-MJW

NOREEN RUCINSKI, and
FREDERICK RUCINSKI,

      Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

      Defendant.

---

## ORDER REGARDING EXHIBITS AND WITNESSES TO BE ALLOWED AT TRIAL

---

      This matter is before the Court on:  **(1)** Defendant's Motion to Strike Plaintiffs' Trial Exhibits (ECF No. 235), to which Plaintiffs have filed a Response (ECF No. 237), and Defendant has filed a Reply (ECF No. 240); and **(2)** Plaintiffs' Objections to Magistrate [Judge] Watanabe's July 3, 2012 Minute Order Regarding Defendant's Motion to Strike Plaintiff[s'] New and Undisclosed Witnesses Identified in the Pre-Trial Order (ECF No. 241), to which Defendant has filed a Response (ECF No. 242).  Both matters are ripe for adjudication.

## I.  BACKGROUND

      This action arises from an alleged incident in which Plaintiff Noreen Rucinski slipped and fell on a sheet of ice at the Torian Plum Plaza in Steamboat Springs, Colorado on December 30, 2006.  (ECF No. 37, ¶ 7; ECF No. 231, at 2.)  At the time, Defendant had responsibility for maintenance of common areas of the Torian Plum Plaza.  (ECF No. 37, ¶ 5; ECF No. 38, ¶ 5.)  Plaintiffs bring a single claim for negligence

under Colorado Revised Statute § 13-21-115, and seek damages for, *inter alia*, alleged physical injuries suffered by Ms. Rucinski as a result of the fall, alleged lost profits incurred by Ms. Rucinski as a result of her injuries, and alleged loss of consortium suffered by Plaintiff Frederick Rucinski.  (ECF No. 37, ¶¶ 13-23; ECF No. 231, at 2.) Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  (ECF No. 231, at 2.)

     This straightforward negligence action has now been pending for nearly four years, and has been marked by unproductive procedural disputes between the parties. On October 27, 2011, the Court, faced with what it described at the time as "an evidentiary and trial-preparation thicket" resulting from those procedural fights, determined that the appropriate course was "to vacate the [previously set] trial date, briefly reopen discovery, and reset case management deadlines in the action."  (ECF No. 217, at 2-3.)  On November 7, 2011, U.S. Magistrate Judge Michael J. Watanabe reopened discovery through February 6, 2012.  (ECF No. 220, 221.)  An Amended Pretrial Order was entered on May 8, 2012 (ECF No. 231), and trial was reset for January 7, 2013 (ECF No. 232).

     The Court understands that its October 27, 2011 Order reopening discovery has caused some confusion to both parties and to U.S. Magistrate Judge Michael J. Watanabe.  As a result of that confusion, the Court now has before it two more evidentiary disputes:  a dispute regarding certain of Plaintiffs' trial exhibits identified in the Amended Pretrial Order, and a dispute regarding certain of Plaintiffs' witnesses identified in the Amended Pretrial Order.

## II.  DISCUSSION

**A.     Defendant's Motion to Strike**

On June 7, 2012, Defendant filed a Motion to Strike Plaintiffs' Trial Exhibits ("Motion to Strike Exhibits").  (ECF No. 235.)  In the Motion to Strike Exhibits, Defendant points out that Plaintiffs identified 20 exhibits in the Amended Pretrial Order that were not produced until January 16, 2012, and 30 exhibits in the Amended Pretrial Order that were not produced until February 9, 2012.[1]  Defendant argues that these new exhibits should be stricken because the short additional discovery period granted by this Court on October 27, 2011 was merely intended to correct errors in Plaintiffs' prior disclosures, and not to produce entirely new exhibits.

The Court disagrees.  Through its October 27, 2011 Order, the Court intended to truly reopen discovery.  After receiving these new documents, Defendant could have requested further discovery, such as depositions, related to these newly produced documents, but failed to do so.  Instead, as has been a trend throughout this litigation, Defendant waited and then ultimately sought to limit Plaintiffs' evidence at trial by filing its Motion to Strike Exhibits after entry of the Amended Pretrial Order.  Plaintiffs will not be penalized for producing new documents during this additional discovery period. None of Plaintiffs' trial exhibits identified in the Amended Pretrial Order will be stricken. Defendant's Motion to Strike Plaintiffs' Trial Exhibits is therefore denied.

---

[1] According to Defendant, it granted Plaintiffs an informal extension of time to produce the 30 new exhibits, which were produced on February 9, 2012, three days after the final discovery deadline.

**B.     Plaintiffs' Objections to Magistrate Judge's July 3, 2012 Minute Order**

    **1.     Background**

On May 24, 2012, Defendant also filed a Motion to Strike Plaintiffs' New and Undisclosed Witnesses Identified in the Pre-Trial Order ("Motion to Strike Witnesses"), moving to strike ten of Plaintiffs' witnesses identified in the Amended Pretrial Order. (ECF No. 233.)  The Motion to Strike Witnesses was referred to Magistrate Judge Watanabe for decision.  (ECF No. 234.)

On July 3, 2012, Magistrate Judge Watanabe issued a Minute Order granting Defendant's Motion to Strike the ten witnesses at issue.  (ECF No. 239.)  Below, the Court describes in more detail Magistrate Judge Watanabe's bases for striking the ten witnesses.

On July 17, 2012, Plaintiffs timely filed Objections to the Magistrate Judge's Minute Order ("Objections") (ECF No. 241), to which Defendant filed a Response (ECF No. 242).

    **2.     Standard of Review**

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*,

847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, et al., Federal Practice and Procedure § 3069, at 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agriculture*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133; *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite plenary review but noting that "many matters . . . might be better characterized as suitable for an abuse-of-discretion analysis.").

### 3. Analysis

#### a. Dawn Pettit

In the July 3, 2012 Minute Order, Magistrate Judge Watanabe struck Plaintiffs' witness Dawn Pettit on the ground that Plaintiffs did not disclose Ms. Pettit as a witness until May 4, 2012, nearly three months after the final discovery deadline in this action. (ECF No. 239, at 2.) Plaintiffs' Objections do not challenge the Magistrate Judge's decision to strike Dawn Pettit from the Amended Pretrial Order. Therefore, Dawn Pettit shall remain stricken from the Amended Pretrial Order, and may not be called by Plaintiffs to testify at the trial of this action.

#### b. Reid Abrams, Nicole Mullins, and Lisa Harris

In the July 3, 2012 Minute Order, Magistrate Judge Watanabe also struck the

three expert witnesses identified by Plaintiffs in the Amended Pretrial Order – Reid

Abrams, Nicole Mullins, and Lisa Harris – on the ground that those experts had never

been disclosed consistent with Fed. R. Civ. P. 26(a)(2)(B).

In their Objections, Plaintiffs argue that the Magistrate Judge's decision was

clearly erroneous because the experts are medical providers currently treating Ms.

Rucinski for her injuries, their medical opinions are still unknown, and therefore Plaintiffs

could not have timely disclosed these experts' opinions.

Plaintiffs' Objections as to these three expert witnesses are overruled for two

reasons.  First, in the Supplemental Scheduling Order entered on November 7, 2011,

Magistrate Judge Watanabe determined that Plaintiffs would not be permitted to

endorse any new expert witnesses.  (ECF No. 221, at 6.)  Significantly, Plaintiffs did not

file any timely objections to that decision.[2]  In fact, in Plaintiffs' Response to Defendant's

currently pending Motion for Partial Summary Judgment, filed on March 29, 2012, they

state that they "attempted to endorse experts and were unable to do so."  (ECF No. 225,

at 10.)  Plaintiffs' failure to timely object to Magistrate Judge Watanabe's decision not to

allow any new expert witnesses constitutes waiver of the issue.

Second, although these experts may still be in the process of developing their

expert *opinions* regarding Ms. Rucinski's injuries, Plaintiffs failed to timely disclose the

mere existence of these new experts.  The record reflects that Dr. Abrams performed

---

[2] Plaintiffs argue that they had no basis to object to the Supplemental Scheduling Order at the time it was issued because the new medical treatment Ms. Rucinski has been receiving had not yet been provided, "so Plaintiffs had no expert testimony to attempt to introduce." However, Dr. Adams performed surgery on Ms. Rucinski just one month after the Supplemental Scheduling Order was entered, and even after that Plaintiffs did not object to the Supplemental Scheduling Order.  The Court is entirely unpersuaded by this argument by Plaintiffs.

surgery on Ms. Rucinski on December 9, 2011 – approximately two months before the final discovery deadline in this action – and that the other two experts provided physical therapy to Ms. Rucinski following the surgery.  However, the record also reflects that Defendant was not made aware of the identity of these new experts until at some point after the discovery deadline had already passed.  This failure to communicate with opposing counsel during the discovery period regarding the identity of these new experts appears to be just the type of gamesmanship that the Court has already warned would "no longer be tolerated" in this action.  (ECF No. 217, at 3.)

For these two reasons, Reid Abrams, Nicole Mullins, and Lisa Harris shall remain stricken from the Amended Pretrial Order, and may not be called by Plaintiffs to testify at the trial of this action.

### c.    Six Lay Witnesses Previously Disclosed as Expert Witnesses

Finally, in the July 3, 2012 Minute Order, Magistrate Judge Watanabe also struck six witnesses identified as lay witnesses in the Amended Pretrial Order:  Joe Betro, David Callendar, Rich Hall, Maureen Harrington, Randal Menzel, and Gene Retske. The Magistrate Judge's apparent basis for striking these six witnesses was that: (1) he had struck the same witnesses back in 2010 and 2011 when they had been designated by Plaintiffs as expert witnesses, and (2) Plaintiffs are now improperly trying to "reclassify" the witnesses as lay witnesses.

In their Objections, Plaintiffs argue that the mere fact that these witnesses were struck as expert witnesses should not preclude them from offering lay testimony, and that the witnesses were improperly designated as expert witnesses when Plaintiffs were proceeding *pro se.*  In response, Defendant argues that the fact that these witnesses

were previously struck by the Magistrate Judge did not reasonably put Defendant on notice that Plaintiffs might later reclassify them as lay witnesses, and Defendant was not able to depose the witnesses.

The Court regrets the lack of clarity Magistrate Judge Watanabe was faced with in regards to its October 27, 2011 Order reopening discovery in this action.  However, by issuing that Order, the Court intended to undo the Magistrate Judge's previous Orders striking witnesses that had been improperly disclosed by Plaintiffs when they were proceeding *pro se*.  Although the Court does not excuse Plaintiffs' more recent (and counseled) decision not to object to Magistrate Judge Watanabe's Supplemental Scheduling Order disallowing any expert witnesses, the Court cannot conclude that Plaintiffs have improperly disclosed these six witnesses as lay witnesses.  Indeed, the Amended Pretrial Order's descriptions of the subjects of these witnesses' testimony do not necessarily suggest that their testimony will stray into areas requiring expert testimony under Federal Rule of Evidence 702.  Because the Magistrate Judge struck these witnesses from the Amended Pretrial Order on the ground that he had previously struck the same witnesses prior to October 27, 2011, and because this Court's October 27, 2011 Order undid those previous decisions striking these witnesses, the Magistrate Judge's July 3, 2012 Minute Order is reversed as to those six witnesses.

Defendant argues that Plaintiffs' previous designations of these witnesses did not sufficiently put it on notice that it would need to conduct discovery regarding these witnesses, because the witnesses were stricken.  Thus, in order to ensure fairness to both sides, the Court hereby reopens discovery in this action for the sole and limited purpose of allowing Defendant to depose these six witnesses, if it so chooses.

8

Discovery will be reopened through October 31, 2012 for those depositions to occur. Plaintiffs shall make those witnesses available for deposition before that date.  Nothing in this Order should be construed as precluding the parties from engaging in good faith meet-and-confer efforts that might obviate the need for any further depositions to occur (*e.g.*, by Plaintiffs agreeing to only call only certain of these six witnesses to testify at trial).

And to be clear, at trial these six witnesses will only be allowed to provide lay testimony.  Plaintiffs' counsel is on notice (1) that they must carefully instruct these witnesses prior to trial regarding the limits of such lay testimony, and (2) that they must not engage in questioning of these witnesses at trial that encourages the witnesses to testify on non-lay subjects.

### III.  CONCLUSION

As promised, the Court will be swiftly moving this case towards trial, which is set to begin on January 7, 2013 and will not be rescheduled.  (ECF No. 232.)  This is the first of two Orders that will be issued by the Court early this month that will clarify the scope of Plaintiffs' case and the presentation of evidence at trial.[3]  Hopefully these clarifications will sharpen the parties' understanding of their respective positions in this matter, and prompt serious and realistic discussions between the parties regarding an out-of-court resolution of this action.

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1)     Defendant's Motion to Strike Plaintiffs' Trial Exhibits (ECF No. 235) is DENIED;

---

[3] The other Order will resolve Defendant's Motion for Partial Summary Judgment, filed at ECF No. 224.

(2)    None of Plaintiffs' trial exhibits identified in the Amended Pretrial Order are

        stricken (*see* ECF No. 231-1);

(3)    Plaintiffs' Objections to Magistrate [Judge] Watanabe's July 3, 2012 Minute Order

        Regarding Defendant's Motion to Strike Plaintiff[s'] New and Undisclosed

        Witnesses Identified in the Pre-Trial Order (ECF No. 241) is SUSTAINED IN

        PART and OVERRULED IN PART;

(4)    The Magistrate Judge's July 3, 2012 Minute Order (ECF No. 239) is AFFIRMED

        IN PART and REVERSED IN PART;

(5)    The following witnesses REMAIN STRICKEN from the Amended Pretrial Order,

        and may not be called by Plaintiffs to testify at trial:  Dawn Pettit, Reid Abrams,

        Nicole Mullins, and Lisa Harris;

(6)    The following witnesses are NOT stricken from the Amended Pretrial Order, and

        may be called by Plaintiffs to testify at trial as lay witnesses:  Joe Betro, David

        Callendar, Rich Hall, Maureen Harrington, Randal Menzel, and Gene Retske;

        and

(7)    Discovery is hereby REOPENED through October 31, 2012 for the **sole and**

        **limited** purpose of Defendant being able to depose the six lay witnesses listed in

        the preceding paragraph of this Order.  Plaintiffs shall make those witnesses

        available for deposition before October 31, 2012.

Dated this 6th day of September, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge