**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02798-WJM-MJW

NOREEN RUCINSKI, and
FREDERICK RUCINSKI,

    Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

    Defendant.

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (the "Motion"). (ECF No. 224.) In the Motion, Defendant seeks summary judgment on Plaintiffs' lost profits claim, arguing that Plaintiffs' alleged damages based on lost profits are too speculative and unsupported by the evidence to survive summary judgment. (*Id.*) Plaintiffs have filed a Response to the Motion (ECF No. 225), and Defendant has filed a Reply (ECF No. 229). The Motion is ripe for adjudication. For the following reasons, the Motion is DENIED.

### I.  BACKGROUND

This action arises from an alleged incident in which Plaintiff Noreen Rucinski slipped and fell on a sheet of ice at the Torian Plum Plaza in Steamboat Springs, Colorado on December 30, 2006. (ECF No. 37, ¶ 7; ECF No. 231, at 2.) Plaintiffs bring a single claim against Defendant for landowner negligence under Colorado Revised Statute § 13-21-115, and seek damages for, *inter alia*, alleged lost profits incurred by

Plaintiffs' business as a result of Ms. Rucinski's injuries caused by the slip and fall. (ECF No. 37, ¶¶ 13-23; ECF No. 231, at 2.)  Specifically, Plaintiffs allege in the Amended Pretrial Order that, "[a]s a result of her injuries, Plaintiff Noreen Rucinski was unable to travel to a key business conference and as a result lost several business contracts and was unable to complete her contractual obligations on another project, causing financial harm to her business, Schneider Rucinski Enterprises."  (ECF No. 231, at 2.)

Defendant appears to concede that the slip and fall took place, and that it had responsibility for maintenance of common areas of the Torian Plum Plaza, but disputes liability and denies that Plaintiffs incurred any damages as a result of the slip and fall. (*See* ECF No. 38, ¶ 5; ECF No. 231, at 2.)  Defendant now moves for partial summary judgment on Plaintiffs' claim for damages based on Plaintiffs' alleged lost profits.

## II.  STANDARD OF REVIEW

While Colorado law governs the substantive underlying claims in this action, federal law governs the Court's standard for summary judgment. *See Hill v. Allstate Ins. Co.*, 479 F.3d 735, 739 (10th Cir. 2007) ("In diversity cases, the laws of the forum state govern our analysis of the underlying claims, but [federal courts] are governed by federal law in determining the propriety of . . . summary judgment.") (internal quotation marks omitted).

Summary judgment on a particular claim is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" as to that claim.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A

fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotation marks omitted). If the movant meets this burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (quotation marks omitted).

### III.  ANALYSIS

Although claims for lost profits are more often raised in breach-of-contract cases, case law indicates, and Defendant does not dispute, that lost profits may be recovered in a negligence action. *See, e.g.*, *Roberts v. Holland & Hart*, 857 P.2d 492, 497 (Colo. App. 1993) (stating that damages for lost profits may be recovered based on the

negligent act of another as long as causation is sufficiently shown); *Cope v. Vermeer Sales & Serv. of Colo., Inc.*, 650 P.2d 1307, 1308-09 (Colo. App. 1982) (same); *cf. Miami Int'l Realty Co. v. Paynter*, 841 F.2d 348, 350 (10th Cir. 1998) (applying Colorado law and affirming jury award for lost profits caused by the defendant's legal malpractice). To be recoverable, "[d]amages for lost net profits must be traceable to and the direct result of the negligent act." *Roberts*, 857 P.2d at 497.

In order to recover lost profits, "a plaintiff [must] provide the trier of fact with (1) proof of the fact that damages will accrue in the future, and (2) sufficient admissible evidence which would enable the trier of fact to compute a fair approximation of the loss." *Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, 1382 (Colo. 1993). "To support a claim for damages based on lost profits, a plaintiff must establish the fact of damages by a preponderance of the evidence." *Roberts*, 857 P.2d at 497. "Once the *fact* of damages is proved by a preponderance of the evidence, uncertainty as to the *amount* of damages will not bar recovery." *Paynter*, 841 F.2d at 350 (emphasis in original) (quotation marks omitted).

The evidence submitted by Plaintiffs in response to Defendant's Motion is sufficient to survive summary judgment on Plaintiffs' lost profits claim. The issue of whether Plaintiffs suffered lost profits as a result of Defendant's alleged negligence, and in what amount, will be properly submitted to the jury for consideration. Ms. Rucinski's affidavit, which is accepted as true at this stage of the proceedings, states that, as a result of her injuries caused by the slip and fall, she was unable to complete work on a project known as the "INDO Project" that had been previously started, and that the INDO Project was instead given to a competitive bidder who had not won the contract

as she had. (ECF No. 225-1, ¶ 6.) In her affidavit, Ms. Rucinski continues,

> [My business] is still responsible for payments to supplier and teaming contractors who worked to win the [INDO] contract. One of several is an invoice still outstanding in the amount of $490,550.00 to Integrated Solution Professionals International, LLC for work completed on the project prior to the reallocation of the contract. This money that is owed is a direct loss suffered by [my business] which was directly caused by my injuries.

(*Id.*) Attached to Ms. Rucinski's affidavit is a signed contract with INDO (ECF No. 225-3),[1] along with the invoice from Integrated Solution Professionals International, LLC (ECF No. 225-2). This evidence alone is sufficient to survive summary judgment on Plaintiffs' lost profits claim.

Plaintiffs also attach to Ms. Rucinski's affidavit a letter from Andy King, a Vice President at Siam USA Telecom, which also indicates that Ms. Rucinski lost business with Siam USA Telecom due to her injuries. (*See* ECF No. 225-4.) While the Court agrees with Defendant regarding the inadmissability of this letter standing alone, and that the letter does not establish the amount of damages, the Court notes that Plaintiffs' potential witnesses at trial include Andy King himself, as well as Vincent Vongfact, the current President of Siam Telecom. (*See* ECF No. 231, at 6-7.) Regarding the issue of whether Plaintiffs have sufficient evidence of lost profits in its dealings with Siam USA Telecom, the Court finds it would be more appropriate to address this issue at trial on a motion under Federal Rule of Civil Procedure 50(a).

Defendant's Motion primarily focuses on the fact that Plaintiffs, in a February 23,

---

[1] Defendant argues that there is insufficient evidence of a completed contract with INDO because the footer on the contract states that it is a draft. However, given that the contract is signed by both Ms. Rucinski and an INDO representative, the evidence, construed in a light most favorable to Plaintiffs, indicates that the contract was finalized.

5

2011 Status Report filed with the Court, claimed lost profits in the amount of $12,640,000. Defendant repeatedly suggests that this figure is exorbitant based on the evidence presented. The Court does not completely disagree with Defendant on this point, but that does not mean summary judgment is appropriate on Plaintiffs' lost profits claim. As indicated above, Plaintiffs have come forward with sufficient evidence regarding their relationship with INDO to survive summary judgment on their lost profits claim (both as to the fact and amount of damages). Further, the Court believes it appropriate for Plaintiffs to be able to put on evidence at trial regarding any lost profits suffered based on its relationship with Siam USA Telecom. Although other potential bases for Plaintiffs' lost profits claim appear to be more speculative, the Court declines at this stage of the proceedings to carve out precisely which alleged lost contracts can and cannot form the basis for Plaintiffs' lost profits claim at trial. Resolution or limitation of the claim may be appropriate on a Rule 50 motion, and if not, the jury will be carefully instructed on the law, including causation and damages issues, and specifically the unavailability of speculative damages.[2]

Defendant's other arguments in support of summary judgment are also unavailing. Defendant argues that Plaintiffs' tax returns in the years preceding the incident showing how unprofitable Plaintiffs' business was, thus indicating that Plaintiffs

---

[2] Also, a party's damages claim and settlement position can shift during a civil action. Notably, in Ms. Rucinski's more recent March 29, 2012 affidavit, she states that she would be willing to settle her lost profits claim for $1,000,000 or less. After nearly four years of litigating this action, both sides presumably understand the relative strength of their positions regarding the lost profits claim, and the risks of going to trial on the claim. Hopefully the parties' understanding of the evidence, and this Order, will lead to a prompt out-of-court resolution to this action. The time for posturing has stopped and for serious and realistic negotiating to begin.

would not have realized profits during the time post-dating the injury.  While this evidence can be considered by a jury in determining whether future profits would have been realized by Plaintiffs, the Court does not find it appropriate to grant summary judgment on this basis, particularly because of the tangible and specific evidence of damages regarding Plaintiffs' relationship with INDO and, to a lesser extent, with Siam USA Telecom.  *See Paynter*, 841 F.2d at 351 ("Under Colorado law a plaintiff need not present evidence of a 'track record' of prior profits in order to have the lost profits damages issue submitted to the jury."); *Cope*, 650 P.2d at 1309 (stating that the lack of evidence of prior profits does not prohibit the recovery of lost profits "if other competent evidence [of lost profits] is proffered"); *W. Cities Broad., Inc. v. Schueller*, 849 P.2d 44, 50 (Colo. 1993) (stating that "real, tangible" business opportunities that were lost, as opposed to hypothetical lost opportunities, can provide the basis for a lost profits claim).

Defendant also argues that the nature of Plaintiffs' lost profits claim requires expert testimony, and Plaintiffs have failed to proffer any experts in the case, so the claim must fail.  This argument ignores the fact that "Colorado courts have held that the testimony of the injured party in and of itself may provide a sufficient basis for an award of lost profits damages . . . if the testimony is sufficiently credible and detailed."  *Paynter*, 841 F.2d at 351 (quotation marks omitted).  At this stage of the proceedings, the Court cannot conclude that the jury will not find Ms. Rucinski's testimony credible and sufficiently detailed to support an award of some amount of lost profits caused by her injury.  Further, Ms. Rucinski appears to have at least some documentary evidence supporting her lost profits claim.  The Court can reconsider this issue on a Rule 50 motion at trial.

Similarly, Defendant argues that Plaintiffs have failed to proffer a medical expert

that will support Plaintiffs' claim that Ms. Rucinski was unable to attend a January 2007 business conference (at which she allegedly would have entered into profitable business relationships) because of her injuries caused by the slip and fall. This argument fails for two reasons. First, the jury may find credible Ms. Rucinski's own testimony that she was unable to attend the conference due to her injuries (*see* ECF No. 225-1, ¶ 3), and depending on how credible and detailed that testimony is, the jury might find it sufficient to establish the point without expert testimony. And second, the evidence, viewed in a light most favorable to Plaintiffs, indicates that Plaintiffs lost their business opportunities with INDO and Siam USA Telecom because of Ms. Rucinski's injuries generally, not specifically because of Ms. Rucinski's failure to attend the January 2007 business conference.

Finally, Defendant's counsel argues, without providing specifics, that Plaintiffs and their counsel have failed to provide accurate contact information for Plaintiffs' witnesses who will allegedly testify regarding Plaintiffs' lost profits. Plaintiffs respond, also without providing specifics, that they have provided Defendant's counsel with accurate contact information for the witnesses to the best of Plaintiffs' knowledge. The parties' failure to amicably resolve an issue as simple as this without the Court's intervention is yet another example of how counsels' prosecution and defense of this action has needlessly expended the Court's scarce resources over the past four years. Further, the Court notes that there is no indication in the record that Defendant ever filed a motion to compel on this issue. Defendant has not met its burden of showing an entitlement to summary judgment on this ground.

## IV. CONCLUSION

In accordance with the foregoing, Defendant's Motion for Partial Summary Judgment (ECF No. 224) is DENIED.

Dated this 10th day of September, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge