**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02798-WJM-MJW

NOREEN RUCINSKI, and
FREDERICK RUCINSKI,

    Plaintiffs,

v.

TORIAN PLUM CONDOMINIUM OWNERS ASSOCIATION, INC.,

    Defendant.

**ORDER PRECLUDING DEFENDANT'S USE OF PLAINTIFF'S PRIOR
FELONY CONVICTION DURING TRIAL**

    This matter is set for a five-day jury trial commencing on Monday January 7, 2013.  (ECF No. 232.)  At the Final Trial Preparation Conference, the Court ordered the parties to submit trial briefs regarding the admissibility of Plaintiff Noreen Rucinski's prior felony conviction.  (ECF No. 266.)  The parties have complied with this Order.  (ECF Nos. 270 & 273.)  Having reviewed the briefs and the relevant law, the Court finds that Plaintiff's prior conviction is not admissible.

    In early 2001, Plaintiff was convicted of making false statements and representations in violation of 42 U.S.C. § 1320(a) and sentenced to three years probation.  (ECF No. 270-2.)  From the parties' briefs, it appears that this conviction was related to Medicare.  (ECF No. 270 at 5.)  There is no allegation that Plaintiff violated her probation or has had any legal trouble since this conviction.

    Federal Rule of Evidence 609 governs when and how a witness's prior conviction

may be used at trial:

> (a) **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> (b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Because the standard is vastly different, the Court must first determine whether Rule 609(a) or (b) applies here.

Defendant raises two arguments in support of its position that Rule 609(a)

2

applies: (1) Plaintiff's probation ended less than ten years ago; and (2) this action was commenced less than ten years after Plaintiff was convicted. With respect to the first argument, the Court notes that Defendant cites no case holding that probation is "confinement" for purposes of Rule 609(b). On the other hand, Plaintiff cites a number of cases that have explicitly addressed this issue and held that probation is not confinement. *See United States v. Rogers*, 542 F.3d 197, 198 (7th Cir. 2008) ("Because probation does not constitute confinement . . . [the] conviction fell outside the ten-year time limit of Rule 609(b)."); *United States v. Nguyen*, 542 F.3d 275, 279 (1st Cir. 2008) (holding that a non-jail sentence did not count for purposes of Rule 609(b)). The Court agrees with the analysis set forth by these cases and holds that probation is not confinement for purposes of Rule 609(b). Thus, the fact that Plaintiff's probationary period expired less than ten years ago is irrelevant to the admissibility of her conviction.

The Court is also not compelled by the argument that, because this case was filed within ten years of Plaintiff's conviction, such conviction is admissible. Defendant again cites no case law supporting its argument that the Court should consider the date this case was filed rather than the date on which Plaintiff will testify. Rule 609 applies to all witnesses, not just parties to an action. Therefore, it would make no sense for the rule to be dictated by when an action is brought rather than the date on which a witness is to testify. Most courts that have addressed this issue have considered the ten-year time period to run from the date on which the witness begins testifying. *See, e.g., United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) (considering a conviction that occurred ten years and four days before the witness testified and ruling that Rule 609(b) applied); 28 Wright & Gold, Federal Practice & Procedure § 6136 (2012) (noting

3

that "the only approach that makes sense from a policy standpoint" is to calculate ten years from the date the witness begins testifying). It is anticipated that Plaintiff will testify, at the earliest, on January 7, 2013, which is more than ten years after her conviction. Thus, the Court finds that Rule 609(b) applies here.

Rule 609(b) requires that the conviction be significantly more probative than prejudicial and that the opposing party provide notice of its intent to use a prior conviction. Here, the parties do not dispute that Defendant gave Plaintiff adequate notice of its intent to use the prior conviction. Thus, the sole issue for the Court is whether the probative value of Plaintiff's prior conviction substantially outweighs the prejudicial effect of its admission. The Tenth Circuit has not explicitly outlined any factors for the Court to consider in making this assessment. However, a number of other courts have held that the Court should consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the acts at issue; (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. *See, e.g., United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990).

The Court finds that these factors weigh against allowing admission of Plaintiff's conviction. The Court starts the balancing with the premise that there can be no doubt that admission of a felony conviction is inherently and significantly prejudicial. With this in mind, the Court notes that this is a slip-and-fall case, which is completely unrelated to Medicare fraud. Even though Plaintiff's credibility is central to the issue of the extent of her injuries and the amount of her lost wages (which is likely the key point in this case), the facts surrounding this case are easily distinguishable from her prior conviction.

4

Moreover, there is no indication that Plaintiff has any subsequent history of legal infractions and one of the purposes of Rule 609(b) is to recognize an individual's ability to rehabilitate herself.  *See Mitchell v. Sun Drilling Prods.*, 1996 WL 411613, *2 (E.D. La. July 22, 1996).

With respect to a conviction more than ten years old, the general rule is one of inadmissibility.  *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979).  The Advisory Committee Notes to Rule 609(b) stress that "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances."  Fed. R. Evid. 609(b) advisory committee's note (1974); *see also United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980).  "Congress intended that trial courts be extremely cautious in admitting evidence of remote convictions."  *United States v. Bibbs*, 564 F.2d 1165, 1170 (5th Cir. 1977).  The Court finds that this is not one of the exceptional cases in which a conviction more than ten years old is admissible.

Given all of the above, the Court concludes that the probative value of Plaintiff's prior conviction does not substantially outweigh the prejudicial effect of its admission. Accordingly, the Court ORDERS that, under Federal Rule of Evidence 609(b), Plaintiff's 2001 felony conviction is inadmissible at trial.

Dated this 3rd day of January, 2013.

BY THE COURT:

William J. Martinez
United States District Judge